**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITES STATES OF AMERICA**, | |
| Plaintiff | |
| **v.** | **Civil No. 08-1339 (SEC)** |
| **One Rolex 18k Gold Watch with light brown crocodile style wrist band, et seq.,** | |
| Defendants | |

**OPINION and ORDER**

Pending before this Court are Claimants Manuel Chevres-Motta and Cindy Morales-Calderón's (collectively "Claimants") Motion to Dismiss and/or for Summary Judgment (Docket # 12), Claimants' Motion to move for Disposition of Pending Motion for Summary Judgment and Request for Judgment on the Pleadings (Docket # 15), and the United States' ("Plaintiff") Motion for Summary Judgment (Dockets ## 16 and 17). After reviewing the filings, and the applicable law, Claimants' motion is **GRANTED,** and Plaintiff's motion is **DENIED.**

**Factual and Procedural Background**

On March 18, 2008, Plaintiff filed a civil action *in rem* against the jewelry that was seized from Claimants, pursuant to the Controlled Substances Act, 21 U.S.C. § 881 (a)(6) (2009). Plaintiff sought the forfeiture of the property acquired with proceeds traceable to the exchange of controlled substances, and/or was used to facilitate drug trafficking activities in

violation of said Act. Docket # 1.

On July 2, 2008, Claimant Chevres-Motta plead guilty to the criminal indictment charging him for aiding and abetting in the selling, distributing or dispensing of illegal narcotics, in violation of the Controlled Substances Act, 21 U.S.C. §§ 841 (a)(1), and (b)(1)(A), 846 (2009). Plaintiff asserts that, as a stipulation in the criminal case, Claimant Chevres-Motta also agreed to forfeit the assets mentioned in Count 28 of the criminal indictment. Count 28 of the criminal indictment stated that each convicted defendant would forfeit to the United States his or her rights, title, and interest in any, and all property involved in offenses in violation of the Controlled Substances Act. See Indictment of Claimant Chevres-Motta at 22, No. 07-395 (D. P.R filed July 2, 2008). Plaintiff posits that, given the above, the seized jewelry should be deemed properly forfeited.

On September 9, 2008, Claimants filed the instant motion for summary judgment, arguing that the jewelry was seized without a warrant. Claimants further argue that neither the arrest warrant for Claimant Chevres-Motta, nor the consent to search Claimants' residence given by Claimant Morales-Calderón, authorized the seizure of said jewelry. Lastly, according to the Claimants, the jewelry was purchased prior to the span of time in which the criminal activities took place, with proceeds from Claimants' business, Scooter Factory Shop, located in Naranjito, Puerto Rico. As a result thereof, Claimants argue that the jewelry was not purchased with proceeds generated from illegal activity, and therefore, they were illegally seized, and forfeiture is improper.

On October 6, 2008, Claimants filed a motion requesting that this Court deem their

motion for summary judgment as unopposed. Docket # 15.  On December 3, 2008, Plaintiff opposed to Claimants' motion for summary judgment, and also filed a cross-motion for summary judgment. Docket ## 16 and 17.

**Standard of Review**

*FED. R. CIV. P. 56*

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence.  Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994).  At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material.  Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted).  "A  factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice

between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005)(quoting Garside, 895 F.2d at 48 (1st Cir. 1990)); see also SEC v. Ficken, 546 F.3d 45, 51 (1st Cir. 2008).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (quoting from Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). "The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue. . . .Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence"); Medina-Muñoz, 896 F.2d at 8 (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions

of the truth which a factfinder must resolve.").

### Applicable Law and Analysis

Because the instant motions are for summary judgment, both parties must comply with the requirements of Local Rule 56, and file a statement of facts, set forth in numbered paragraphs, and supported by record citations. See Local Rule 56(b). In turn, when confronted with a motion for summary judgment, the opposing party must:

> [s]ubmit with its opposition a separate, short, and concise statement of material facts. The opposition shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation...Local Rule 56(c).

Local Rule 56(e) further provides that "[a]n assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion." Moreover, a "court may disregard any statement of material fact not supported by a specific record citation to record material properly considered on summary judgment." Local Rule 56(e). Local Rule 56(e)(2) further states that, if the opposing party does not respond to a motion for summary judgment, "summary judgment should, if appropriate, be entered against that party." When "a party opposing summary judgment fails to act in accordance with the rigors that such a rule imposes, a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated." Cabán-Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). These rules "are meant to ease the district

court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court." Id. at 8. The First Circuit has held that when the parties ignore the Local Rule, they do so at their own peril. See Ruiz-Rivera v. Riley, 209 F. 3d 24, 28 (1ˢᵗ Cir. 2000).

### *Claimants' Motion for Summary Judgment*

In the instant case, Plaintiff failed to file a timely opposition to Claimants' motion for summary judgment.[1] As a result, and per Local Rule 56(e)(2), Claimants' motion is deemed unopposed. Thus, the Court will deem as admitted those facts which are supported by the record, and which Plaintiff failed to deny, or qualify. As previously stated, this solution is consistent with Local Rule 56, and First Circuit precedent. See Philip Morris,  486 F.3d at 8.

Upon reviewing the record, this Court finds that, ¶¶ 1 and 2 of Claimants' Statement of Uncontested Facts ("Claimants' SUF"), Docket # 12-8.[2] are properly supported by admissible evidence. However, statements ¶¶ 3-5 are not properly supported by the record and, therefore, will not be considered by this Court. Specifically, at ¶ 3, Claimants aver that the "arrest warrant for Claimant Chevres-Motta did not authorize the search of Claimants' residence," and that "the federal agents failed to secure a search and seizure warrant for any property traceable to Claimant Chevres-Motta's alleges drug trafficking..." However, Exhibit 4, provided in support of ¶ 3, contains no information with regards to said arrest warrant, or its scope, and instead

---

[1] While Plaintiff eventually filed an opposition to Claimants' motion for summary judgment, it was filed on December 3, 2008, that is, several months past the September 25, 2008 deadline. As a result, it will be disregarded by this Court.

[2] ¶ 2 is supported by the record with the exception of the last clause: that the alleged consent to search "did not authorize the seizure of the defendant jewelry for federal forfeiture." This statement is a conclusion of law that is to be determined by this Court, not a statement of fact.

establishes Claimant Morales-Calderón's consent to a search of their residence by Federal agents.  Similarly, at ¶ 4, Claimants aver that Claimant Morales-Calderón "denies having made any statements to S/A Renteria that: (1) she did not know anything about the defendant jewelry of [sic] Claimants financial condition; and (2) that she did not work and [sic] 'a stay at home' mom." However, while Exhibit 6, provided in support of ¶ 4, does indicate that Claimant Morales-Calderón told the agents that the jewelry belonged to her husband, there is no information as to her knowledge about the Claimants' financial condition, nor does it provide any information about her work status at the time, aside from the fact that she was a housewife. Lastly, Exhibit 7, cited in support of ¶ 5, does not exist in the record.

Based on the foregoing, per Claimants, the uncontested facts are as follows: Claimants are the owners of defendant jewelry. Claimants' SUF at ¶ 1. Plaintiff initiated this action under the Civil Asset Forfeiture Act ("CAFRA") of 2000, 18 U.S.C. § 983 (2009) and 21 U.S.C. § 881 et seq., against the seized jewelry. Id. at ¶ 2. In the complaint, Plaintiff seeks the forfeiture of said jewelry, which was seized from Claimants' home pursuant to Claimant Morales-Calderón's consent to a search of Claimants residence. Id. At the time of the search and seizure, Plaintiff did not have a warrant to search Claimants' residence, or to seize property found therein. Id. However, the record shows that Claimant Morales-Calderón signed a consent form authorizing the agents to seize any articles that may be related to the investigation. Id. and Exhibit 4.

The jewelry was legally acquired by Claimant Chevre-Motta throughout his lifetime with profits generated from Claimants' business, Scooter Factory Shop, located in Naranjito, Puerto

Rico. Id. at ¶ 1. Specifically, the defendant jewelry was purchased prior to any of the criminal

activities took place and, as such, could not have been purchased with proceeds generated from

illegal activity. Id.

### Plaintiff's Motion for Summary Judgment

As of this date, Claimants have not filed an opposition to Plaintiff's motion for summary

judgment, therefore, per Local Rule 56(e)(2), Plaintiff's motion is also deemed unopposed.

Based on the before-discussed case law, this Court will deem as admitted those facts which are

supported by the record, and which Claimants failed to deny, or qualify. Upon reviewing the

record, this Court finds that Plaintiff failed to provide any record citations in support of ¶¶ 6-9,

13, 21-22, and 25-33[3] of its Statement of Uncontested Facts ("Plaintiff's SUF"). Additionally,

they did not specify the page or paragraph in support of  ¶¶ 19 and 20.  Pursuant to Local Rule

56(e), courts may disregard any statement of fact that is not supported by a specific record

citation, thus, the before-mentioned assertions of fact will not be considered by this Court.

Furthermore, ¶¶ 18 and 24, although cited, are not properly supported by the record, and

as a result, will not be considered by this Court. At ¶ 18, Plaintiff avers that Claimant Chevres-

Motta "direct[ed] and supervise[d] subordinates whose principal tasks were: (a) to supply sellers

with drugs ... and to collect proceeds derived from their sale...(b) to package drugs for

subsequent sale... (c) to receive the proceeds from the sales of drugs; and (d) to provide counter-

---

[3] The Court notes that the numbered paragraphs in Plaintiff's SUF, are incorrectly numbered from ¶ 6. Specifically, ¶ 4 is incorrectly numbered as ¶ 6. However, for the sake of clarity, this Court shall refer to the paragraphs as numbered by Plaintiff.

surveillance and protection to sellers of the narcotics." However, the document provided in support of this statement, Exhibit 1, does not support any of these contentions since the conversation in the transcript makes no reference to drugs, or the sale thereof.  The documents provided in support of ¶ 24 provide that each convicted defendant "shall forfeit to the United States... any and all property involved in each offense,"[4] not that the defendant properties in this case were to be "substitute assets for the payment of the forfeiture money judgment entered in defendant Chevres-Motta's criminal forfeiture order," as Plaintiff avers. As such, statements ¶¶ 18 & 24, will not be considered by this Court.

Finally, this Court finds that, ¶¶ 1-3 and 12 are properly cited and supported by admissible evidence. Additionally, although ¶¶ 10-11 and 14-17 were not property cited in accordance with Local Rule 56, the facts therein submitted have been established in the criminal case against Claimant Chevres-Motta, based on the same underlying facts and, as such, will be considered properly supported. Therefore, statements ¶¶ 1-3, 10-12, and 14-17, will be considered by this Court.

Based on the foregoing, the uncontested facts, per Plaintiff, are as follows: On March 18, 2008, Plaintiff filed a sealed civil forfeiture action arising from the criminal indictment of Claimant Chevres-Motta. Plaintiff's SUF at ¶ 1. On July 16, 2008, the United States Marshals served notice of process of the civil forfeiture action to Claimants, along with a copy of both the complaint, and warrant for restraining order. Id. at ¶ 2. On August 13, 2008, Claimants filed

---

[4] Indictment of Claimant Chevres-Motta at 22, No. 07-395 (D.P.R. filed July 2, 2008).

an answer to the complaint, and a verified claim of ownership. Id. at ¶ 3.

Claimant Chevres-Motta plead guilty to the criminal indictment charging him with aiding and abetting in the selling, distributing or dispensing of narcotic illegal drugs in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A), 846. Id. at ¶ 10. As a result, he was sentenced to a term of 360 months, a fine of $25,000, a term of Supervised Release of 5 years, and a SMA of $100. Id. at ¶ 11. Claimant Chevres-Motta also agreed to forfeit any right, title, and interest in the assets mentioned in Count 28 of the Indictment.[5] Id. The Court then entered an order of forfeiture against Claimant Chevres-Motta's assets, detailing the sentence, fines, and agreement mentioned. Id. at ¶ 12.

According to the criminal case's record, Claimant Chevres-Motta knowingly and intentionally conspired, confederated, and agreed together with others to commit the offense of possessing, with intent to distribute, and distributing narcotic controlled substances, in violation of the Controlled Substances Act. Id. at ¶ 14. The conspirators planned, and arranged for the purchase and sale of the narcotic controlled substances, to take place in different locations in, around, and outside of "Barriada San Miguel," also known as "El Cerro" in Naranjito, Puerto Rico. Id. at ¶ 15. Claimant Chevres-Motta had a leadership role in said conspiracy. Id. at ¶ 16. He supervised the operations at these various drug points; making sure each had a sufficient

---

[5] Court 28 states in relevant part that "each defendant who is convicted of one or more of the offenses set forth in said counts, shall forfeit to the United States... [a]ll rights, title, and interest in any and all property involved in each offense in violation of Title 21, United States Code, Section 841 (a)(1) and 841 (b)(1)(A), or conspiracy to commit such offense..." Indictment of Claimant Chevres-Motta at 22, No. 07-395 (D.P.R , filed July 2, 2008).

supply of drugs to ensure continual distribution. Id. As leader and owner, Claimant Chevres-

Motta lead, controlled, and supervised the sale of said narcotic controlled substances. Id. at ¶

17.

Considering both parties' uncontested facts, this Court will now discuss the applicable

case law, and its application to the case at bar.  Prior to CAFRA, passed by Congress in 2000,

the government only had the initial burden of showing that there was probable cause for the

forfeiture. However, under CAFRA, the government's burden of proof was elevated.

Specifically, in forfeiture proceedings initiated after the passage of CAFRA, "the burden of

proof is on the Government to establish, by a preponderance of the evidence, that the property

is subject to forfeiture." 18 U.S.C. § 983 (c)(1).  However, "the Government may use evidence

gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the

evidence, that the property is subject to forfeiture." 18 U.S.C. § 983 (c)(2). This means that "the

Government shall establish that there was a substantial connection between the property and the

offense." 18 U.S.C. § 983 (c)(3). Thus, this Court must determine whether there is a substantial

connection between the seized jewelry, and Claimant Chevres-Motta's drug trafficking

violations.

There is no controversy as to Claimant Chevres-Motta's conviction for drug trafficking,

and his agreement to forfeit any right, title, and interest in any assets involved in their violation.

However, these facts are irrelevant insofar as Plaintiff has failed to satisfy the above-mentioned

burden of proof, that is, establishing a connection between the illegal activity, and the seized

jewelry.[6]  Claimants aver that Plaintiff must show that, at the time of the seizure, the agents had probable clause to believe that the jewelry was subject to forfeiture. However, there is no need to address whether there was probable cause at the time of the seizure since, based on the uncontested facts set forth by Claimants, as of this date, it does not appear that Plaintiff has made any connection, let alone a substantial connection, between the jewelry, and the offenses for which Claimant Chevres-Motta was convicted. As such, Plaintiff has not met its initial burden of establishing, by a preponderance of the evidence, that the property is subject to forfeiture.  Moreover, Claimants have established that they are the owners of the jewelry, and that they purchased this property with proceeds from Claimants' business, Scooter Factory Shop, located in Naranjito, Puerto Rico, prior to the events that eventually led to Claimant Chevres-Motta's conviction.

**Conclusion**

Based on the foregoing, Claimants' motion for summary judgment is **GRANTED,** and Plaintiff's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 24th day of June, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge

---

[6]Although Plaintiff did state, in its SUF, that (1) Claimants did not have the legal income to support the purchase of luxury items, and (2) that the recorded conversations and testimony established that Claimant Chevres-Motta purchased the defendant jewelry with drug proceeds, these assertions were not properly supported with record citations, and therefore cannot be considered by this Court.