**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA**,

   Plaintiff

         v.

**One Rolex 18k Gold Watch with light brown crocodile style wrist band, et seq.**,

   Defendants

Civil No. 08-1339 (SEC)

**OPINION and ORDER**

Pending before this Court is Claimant Cindy Morales-Calderón's ("Claimant or "Morales-Calderon") Petition for Attorney's Fees Pursuant to 28 U.S.C. § 2465(b)(1) (Docket # 37), and the United States' ("Government") opposition thereto (Docket # 38). After reviewing the filings, and the applicable law, Claimants' motion is **GRANTED in part and DENIED in part.**

**Factual and Procedural Background**

On March 18, 2008, Plaintiff filed a civil action *in rem* against the jewelry that was seized from Manuel Chevres-Motta ("Chevres-Motta"),[1] pursuant to the Controlled Substances Act, 21 U.S.C. § 881 (a)(6) (2009). The Government sought the forfeiture of the property acquired with proceeds traceable to the exchange of controlled substances, and/or was used to facilitate drug trafficking activities in violation of said Act. Docket # 1.

On July 2, 2008, Chevres-Motta plead guilty to the criminal indictment charging him for aiding and abetting in the selling, distributing or dispensing of illegal narcotics, in violation of the Controlled Substances Act, 21 U.S.C. §§ 841 (a)(1), and (b)(1)(A), 846 (2009). The

---

[1] Claimant Cindy Morales-Calderón is Chevres-Motta's wife.

Government asserts that, as a stipulation in the criminal case, Chevres-Motta also agreed to forfeit the assets mentioned in Count 28 of the criminal indictment. Count 28 of the criminal indictment stated that each convicted defendant would forfeit to the United States his or her rights, title, and interest in any, and all property involved in offenses in violation of the Controlled Substances Act. See Indictment of Claimant Chevres-Motta at 22, No. 07-395 (D. P.R filed July 2, 2008). The Government posits that, given the above, the seized jewelry should be deemed properly forfeited.

On September 9, 2008, Chevres-Motta and Morales-Calderon moved for summary judgment, arguing that the jewelry was seized without a warrant. Docket # 12. They further argued that neither the arrest warrant for Chevres-Motta, nor the consent to search Claimants' residence given by Morales-Calderón, authorized the seizure of said jewelry. Lastly, they averred that the jewelry was purchased prior to the span of time in which the criminal activities took place, with proceeds from their business, Scooter Factory Shop, located in Naranjito, Puerto Rico. As a result thereof, they argued that the jewelry was not purchased with proceeds generated from illegal activity, and therefore, they were illegally seized, and forfeiture is improper.

On December 3, 2008, the Government opposed Chevres-Motta and Morales-Calderon's motion for summary judgment, and also filed a cross-motion for summary judgment. Docket ## 16 and 17. This Court granted Chevres-Motta and Morales-Calderon's motion for summary judgment, and denied the Government's cross-motion. Docket # 26. On October 20, 2009, Chevres-Motta and Morales-Calderon's counsel filed a motion for attorney's fees. Docket # 37.

**Standard of Review**

Congress enacted the Civil Asset Forfeiture Reform Act of 2000 in response to the public perception that the Government was over-reaching in civil and criminal forfeiture proceedings. United States v. 2007 Bmw 335i Convertible, VIN: WBAWL73547PX47374, 648 F. Supp. 2d 944, 947 (N.D. Ohio 2009); see also United States v. Khan, 497 F.3d 204, 208 (2nd Cir. 2007).

The relevant section of CAFRA, 28 U.S.C. § 2465, provides, in pertinent part:

> Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law–
> ....
> (b)(1) Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for--
> (A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant...

Therefore, under CAFRA, a claimant who substantially prevails in a civil forfeiture proceeding is entitled to "reasonable attorney fees and other litigation costs reasonably incurred," as well as post-judgment interest. 28 U.S.C. § 2465(b)(1). The CAFRA fee-shifting provision seeks to "to make federal civil forfeiture procedures fair to property owners and to give owners innocent of any wrongdoing the means to recover their property and make themselves whole after wrongful government seizures." United States v. Certain Real Prop., 579 F.3d 1315, 1322 (11th Cir. 2009).

On its face, the language of CAFRA's fee-shifting provision appears to contemplate only the award of attorney fees incurred in civil forfeiture actions. United States v. Certain Real Prop., 579 F.3d 1315, 1320 (11th Cir. 2009). Pursuant to Section 881(a), 21 U.S.C. § 881(a), the Government may file a civil forfeiture action to seize property used to facilitate any violation of title 21, including "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title." A claimant that prevails in a Section 881(a) civil forfeiture action, is entitled to attorney's fees. See 2007 Bmw, 648 F. Supp. 2d at 949; United States v. 662 Boxes of Ephedrine, 590 F. Supp. 2d 703, 709 (D. N.J. 2008).

The First Circuit has held that "[w]hen fee-shifting is in prospect, 'district judges have great discretion in deciding what claimed legal services should be compensated.'" United States

v. One Star Class Sloop Sailboat, 546 F.3d 26, 37 (1st Cir. 2008) (citing Brewster v. Dukakis, 3 F.3d 488, 492 (1st Cir. 1993). Similarly, when dealing with a fee-shifting statute, "courts typically ascertain reasonable attorneys' fees by means of the lodestar method.'" One Star Class, 546 F.3d at 38 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  This entails "multiplying the number of hours productively spent by a reasonable hourly rate." Id. (citing Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008).  After determining the time reasonably expended by the prevailing party's counsel, the court must focus on the rates to be applied to those hours.  O'Neill-Cancel, 524 F.3d at 336-337.

Reasonable hourly rates "vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria." One Star Class, 546 F.3d at 38. Thus "the prevailing market rates in the relevant community," are an adequate starting point. Id. at 40. On this front, "the rate that private counsel actually charges for her services, while not conclusive, is a reliable indicium of market value." Id. at 40. Therefore, courts may use "counsel's standard rate, or the prevailing market rate in the forum, or a reasonable rate in between." Id. at 41.

After "the basic lodestar is calculated, the court may adjust it, up or down, to reflect other considerations, such as the results obtained," Id. at 38 (citing Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 337, n. 3 (1st Cir. 1997), and "the time and labor actually required for the efficacious handling of the matter." O'Neill-Cancel, 524 F.3d at 336. The court may also adjust the award considering the novelty and difficulty of the questions, the skill requisite to perform the legal services properly; the preclusion of other employment by the attorney(s) due to acceptance of the case;  the customary fee; the nature of the fee (fixed or contingent); the time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorney(s); the "undesirability" of the case; the nature and length of the professional relationship with the client; and the size of awards in similar cases. Guillemard-Ginorio v. Contreras, 603 F. Supp. 2d 301, 310 (D.P.R.

2009) (citations omitted); see also Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 337-38 n.3 (1st Cir. 1997). Furthermore, in analyzing the "number of hours productively spent, the court should 'eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to the case' and may, under appropriate circumstances, 'disallow time spent in litigating failed claims.'" One Star Class, 546 F.3d at 38 (citations omitted).

Under CAFRA, fees "are not subject to a statutory hourly limit, in contrast with fee awards under the EAJA." United States v. 4,432 Mastercases of Cigarettes, 322 F. Supp. 2d 1075, 1078 (C.D. Cal. 2004) (vacated on other grounds in United States v. 4,432 Mastercases of Cigarettes, 448 F.3d 1168 (9th Cir. 2006) (citing U.S. v. $ 60,201.00 U.S. Currency, 291 F. Supp. 2d 1126, 1130 (C.D. Cal. 2003)). Instead, under 28 U.S.C. § 2465(b)(1), the moving party "must show that the hourly rates charged are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Id. at 1078 (citing $ 60,201.00, 291 F. Supp. 2d at 1130).

In order to receive the proper award of attorneys fees, a prevailing party must submit with its motion evidence to support the number of hours and rates sought, including specific information about number of hours, dates, and the nature of the work performed, and show that the rates being sought are comparable to those in the community. Guillemard-Ginorio, 603 F. Supp. 2d at 317 (citing Hensley, 461 U.S. at 433). The Supreme Court has held that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. (Citing Hensley, 461 U.S. at 433).

**Applicable Law and Analysis**

In their opposition, the Government argues that insofar as Chevres-Motta was convicted for underlying criminal drug trafficking offenses, he is not entitled to recover attorney's fees. They further point out that Chevres-Motta was not married at the time of his conviction and sentencing. Moreover, according to the Government, Claimant's motion addresses work involved in Chevres-Motta's criminal case, and 28 U.S.C. § 2465(b)(1) does not provide for

attorneys fees for work performed in a criminal case.

After reviewing the record, and the applicable law, this Court first notes that Claimant's request for attorneys fees does not seek payment for work related to the criminal case, and present counsel was not involved in any aspect of Chevres-Motta's defense in the criminal case. Furthermore, counsel for Plaintiffs had an obligation to review the criminal case's docket in order to properly defend Claimants in the present action. As such, the Government's arguments on this front fail.

Secondly, although CAFRA does "not apply if the claimant is convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law," 28 U.S.C. § 2465(b)(2)(B); see also United States v. Khan, 497 F.3d 204, 209 (2d Cir. 2007), Morales-Calderon was not convicted in the criminal proceedings. Therefore, attorney's fees are appropriate in this case.

In determining the reasonable hourly rate, we first note that hourly rates depend on those prevailing in the community by lawyers with comparable skill, experience and reputation, as well as whether the time was invested in-court or out-of-court. Guillemard-Ginorio, 603 F. Supp. 2d at 311-312 (awarding $225.00 for in-court appearances and $200.00 for out-of-court work to attorney with 22 years experience) (citing Ciudadana v. Gracia-Morales, 359 F. Supp.2d 38, 45 (D.P.R. 2005)(finding rates of $ 200.00 an hour for out-of- court work and $ 225.00 an hour in-court work justified); International College of Business and Technology, Inc., 356 F. Supp.2d 92, 96-97 (D.P.R. 2005) (finding rate of $ 190 and $ 125 to be appropriate); Top Entertainment Corp. v. Torrejon, 349 F. Supp.2d 248, 253-255 (D.P.R. 2004) (finding hourly rate of $ 125.00 reasonable); Anywhere, Inc. v. Romero, 344 F. Supp.2d 345, 348 (D.P.R. 2004) (finding that an hourly rate of $ 250.00 for the more experienced attorney and of $ 150.00 for the less experienced attorneys reasonable); Vieques Conservation and Historical Trust, Inc. v. Martinez, 313 F. Supp.2d 40, 47 (D.P.R. 2004) (reducing attorney's hourly rate to $ 225 to equate with local rates); Rodriguez-Sostre v. Municipio de Canovanas, 251 F. Supp.2d 1055,

1058 (D.P.R. 2003) (awarding $ 225.00 to $250.00 for in-court time and $ 200.00 for out-of-court time)); see also U.S. District Court for the District of Puerto Rico's Notice of the Clerk No. 10-01, *Hourly Rates and Case Maximum Increases for Criminal Justice Act (CJA) Panel Attorneys* (setting $125.00 hourly fee for non-capital cases, and $178.00 for capital cases).

In the present case, Claimant's counsel has been practicing law since 1981, and handled federal forfeiture cases since 2000. Considering his 25 years of litigation experience, and the foregoing case law, this Court finds that $225.00 for out-of-court work is a reasonable rate. Moreover, upon reviewing the record, this Court also finds that the motion submitted by Claimant properly supports the number of hours and rates sought, and includes specific information about number of hours, dates, and the nature of the work performed in the case. We see no reason for a reduction of hours, especially considering that Claimant's counsel requests only 30.41 hours, and that Claimant prevailed on all fronts.  As such, Claimant's counsel is awarded $6,842.25 in attorney's fees.

**Conclusion**

Based on the foregoing, Claimant's petition for attorney's fees is **GRANTED in part and DENIED in part,** and Claimant's counsel is awarded $6,842.25 in attorney's fees

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of March, 2010.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. Senior District Judge